IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SLINDE & NELSON, LLC, dba SLINDE
NELSON STANFORD, an Oregon limited
liability company,

        Plaintiff,

   v.

DAVID K. LUNEKE, an individual and
RANBIR SANHI, an individual,

        Defendants.

No. 3:16-cv-1914-HZ

OPINION & ORDER

Philip J. Nelson
Keith A. Pitt
Colin G. Andries
Slinde Nelson Stanford
111 SW Fifth Avenue, Suite 1940

OPINION & ORDER - 1

Portland, OR 97204

      Attorneys for Plaintiff

Clifford S. Davidson
Sussman Shank LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205

      Attorney for Defendants

HERNÁNDEZ, District Judge:

Defendants David Luneke and Ranbir Sanhi removed this action from Multnomah County Circuit Court[1] ("State Action") to the District of Oregon pursuant to 28 U.S.C. § 1452. Before the Court are Plaintiff's motion to remand this matter back to Oregon state court and Defendants' motion to transfer to the Bankruptcy Court for the Central District of California. *See* Mot. to Remand, ECF 18; Mot. to Transfer, ECF 22. Plaintiff's Motion to Remand is GRANTED and Defendants' Motion to Transfer is DENIED.

## BACKGROUND

This matter arises out of Defendants' failure to pay Plaintiff for representing them in an underlying litigation.[2] Plaintiff, a law firm located in Portland, Oregon, defended Luneke, Sanhi, and Lite Solar, LLC in Multnomah County Circuit Court in a suit brought by another solar company. Mot. to Remand at 3. Plaintiff entered into an Engagement Agreement with Luneke, Sanhi, and Lite Solar, LLC. *Id.*; Pitt. Decl. Ex. 2, ECF 19. The Engagement Agreement obligated Defendants and Lite Solar, LLC to pay Plaintiff for fees incurred during the underlying litigation. Compl. ¶ 9, ECF 1. Defendants refused to pay for Plaintiff's services and are indebted to Plaintiff for $79,096.64. *Id.* at ¶ 12.

---

[1] *Slinde & Nelson, LLC, dba Slinde Nelson Stanford v. David K. Luneke and Ranbir Sanhi*, Multnomah County Circuit Court Case No. 16CV27593.
[2] *Kamana O'Kala, LLC v. Lite Solar, LLC, Ranbir Sanhi and David Luneke*, Multnomah County Circuit Court Case No. 14CV14976.

On July 18, 2016, Sanhi merged Lite Solar, LLC into Lite Solar Corp., another company that he owned. Notice of Removal ¶ 1, ECF 1. Nine days later, on July 27, 2016, Lite Solar Corp. filed for bankruptcy under Chapter 11 in the Bankruptcy Court for the Central District of California ("Bankruptcy Proceeding").[3] *Id.* at ¶ 4; Nov. 8, 2016, Davidson Decl. Ex. 5, ECF 24. In that petition, Lite Solar Corp. stated that it owed approximately $7.9 million to its twenty largest creditors, including $69,433.81 to Plaintiff for "Professional Services." Nov 8, 2016, Davidson Decl. Ex. 5 at 9. Additionally, the plaintiff from the underlying litigation has since filed a Proof of Claim for $12 million in the Bankruptcy Proceeding. Nov. 28, 2016, Davidson Decl. Ex. 1 at 2, ECF 30. On August 12, 2016, Plaintiff filed a Proof of Claim in the Bankruptcy Proceeding, claiming that Lite Solar Corp. owed it $79,096.64 for legal services. On August 24, 2016, Plaintiff also brought the State Action against Sanhi and Luneke in Multnomah County Circuit Court seeking the same amount. *Id.* at ¶¶6–26. Neither Lite Solar, LLC nor Lite Solar Corp. are named defendants in the State Action. Defendants filed their notice to remove the State Action to this Court on September 29, 2016.

Plaintiff now requests that the Court remand this matter back to Multnomah County Circuit Court. Conversely, Defendants seek to transfer this matter to the Bankruptcy Court for the Central District of California.

STANDARDS

Section 1452(a) of Title 28 of the United States Code provides that a party may remove a civil action to the district court where the civil action is pending, if the district court has jurisdiction over the matter under 28 U.S.C. § 1334. "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28

---

[3] *In re Lite Solar Corp.*, No. 2:16-bk-19896-BB (C.D. Cal. July 27, 2016).

OPINION & ORDER - 3

U.S.C. § 1452(b). The Ninth Circuit applies a fourteen factor test, the "*Cedar Funding* Factors," for determining whether equitable grounds support remand:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;
> (2) extent to which state law issues predominate over bankruptcy issues;
> (3) difficult or unsettled nature of applicable law;
> (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;
> (5) jurisdictional basis, if any, other than § 1334;
> (6) degree of relatedness or remoteness of proceeding to main bankruptcy case;
> (7) the substance rather than the form of an asserted core proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden on the bankruptcy court's docket;
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial;
> (12) the presence in the proceeding of nondebtor parties;
> (13) comity; and
> (14) the possibility of prejudice to other parties in the action.

*In re Cedar Funding, Inc.*, 419 B.R. 807, 821 (B.A.P. 9th Cir. 2009). The court also considers "judicial economy and 'the effect of bifurcating the claims and parties' and 'the possibilities of inconsistent results.'" *Cox v. Holcomb Family Ltd. P'ship*, No. ADV. 14-3260, 2015 WL 128001, at *1 (Bankr. D. Or. Jan. 8, 2015) (quoting *In re Sequoia Village, LLC*, No. ADV 11-06220-FRA, 2012 WL 478926, at *1 (Bankr. D. Or. Feb. 14, 2012)). Because the statute provides that the court may remand on "any equitable grounds," any single factor may be sufficient to support equitable remand. *Stichting Pensioenfonds ABP v. Countrywide Financial Corp.*, 447 B.R. 302, 211 (C.D. Cal. 2010).

//

//

OPINION & ORDER - 4

DISCUSSION

As a preliminary matter, the parties dispute whether the Court should entertain the Motion to Remand or Motion to Transfer first. "Most courts, when faced with concurrent motions to remand and transfer, resolve the motion to remand prior to, and/or to the exclusion of, the motion to transfer." *Pac. Inv. Mgmt. Co. LLC v. Am. Int'l Grp., Inc.*, No. SA CV 15-0687-DOC, 2015 WL 3631833, at *4 (C.D. Cal. June 10, 2015); *see also Burse v. Purdue Pharma Co.*, No. C-04-594 SC, 2004 WL 1125055, at *1 (N.D. Cal. May 3, 2004) (acknowledging the practice within the Ninth Circuit to rule on remand motions before deciding motions to transfer). Before Defendants' Motion to Transfer can be considered, the Court must first determine whether it has subject matter jurisdiction. *See In re Asbestos Litig.*, No. CV 01-1790-PA, 2002 WL 649400, at *2 (D. Or. Feb. 1, 2002). Accordingly, the Court will consider the Motion to Remand first.

Next, the Court must determine whether it has jurisdiction over this case under 28 U.S.C. § 1334 as a "core" bankruptcy matter or as a proceeding "related to" a bankruptcy matter. The Ninth Circuit applies the *Pacor* Test for determining whether a proceeding is "related to" a bankruptcy matter. "Under this formulation, the test is whether: *the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy*." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193 (9th Cir. 2005) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984)); *see also In re Conejo Enterprises, Inc.*, 96 F.3d 346, 349 (9th Cir. 1996) (holding that while claims filed in bankruptcy court are core proceedings, "the filing of a claim does not consolidate it with the pending state law case (into the claim) even though they are based on the same transaction. Both continue to exist, and must be considered, separately").

Here, Plaintiff has filed two separate actions relating to the same subject matter. First, Plaintiff filed a Proof of Claim in the Bankruptcy Proceeding seeking to recover unpaid legal fees from Lite Solar Corp. Second, Plaintiff filed the State Action seeking to recover the same fees from Defendants Sanhi and Luneke. Luneke, Sanhi, and Lite Solar, LLC each entered into the Engagement Agreement and may be individually liable to Plaintiff. While Plaintiff's Proof of Claim in the Bankruptcy Proceeding pertains to the same claim for relief asserted in the Complaint, the two exist separately and are not consolidated. *Id.* Therefore, the Court has jurisdiction over this case as a proceeding "related to" a bankruptcy matter under 28 U.S.C. § 1334.

Next, the Court turns to the *Cedar Funding* Factors to determine whether equity requires remand. On balance, the Court concludes that factors supporting remand outweigh those against remand.

1. *The Effect or Lack Thereof on the Efficient Administration of the Estate if the Court Recommends Remand*

Remand will have a minimal effect on the administration of the estate. Neither defendant in this case is the debtor in the Bankruptcy Proceeding. As stated above, Sanhi, Luneke, and Lite Solar, LLC are separate parties to the Engagement Agreement. Sanhi claims that he may be indemnified by Lite Solar, Corp., however, in this case, Defendants have yet to make such an indemnity claim or join Lite Solar, Corp. as a party. Remand will have at least some effect on the administration of the estate due to the fact that Plaintiff has filed a Proof of Claim against Lite Solar Corp. regarding the same subject matter in the Bankruptcy Proceeding. At this juncture, assuming that Plaintiff obtains a favorable judgment in state court, the preclusive effect that judgment may have on the Bankruptcy Proceeding against Lite Solar Corp. as a third party is unclear. *See Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 466 (1982) ("Section 1738 [of the

Full Faith and Credit Act] requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged."). Therefore, the Court can only speculate about the possibilities of duplicative litigation and inconsistent results remand may have on the Bankruptcy Proceeding. Accordingly, the Court finds that this factor is neutral.

### 2.     *The Extent to Which State Law Issues Predominate Over Bankruptcy Issues*

This Case is a dispute over unpaid legal fees that was originally brought in Oregon state court under state law. The Engagement Agreement provides that Oregon law governs the contract. Mot. to Remand Ex. A at 3. There are no bankruptcy issues raised in the Complaint. The Proof of Claim filed in the Bankruptcy Proceeding is independent from Plaintiff's Complaint and as previously stated, the two do not merge. This factor weighs in favor of remand.

### 3.     *The Difficult or Unsettled Nature of Applicable Law*

Plaintiff's breach of contract claim and related claims are based on well-settled state law. Because the complaint does not raise unsettled legal issues, this factor weighs against remand.

### 4.     *The Presence of Related Proceedings Commenced in State Court or Other Non-Bankruptcy Proceedings*

There are no related proceedings. This factor is neutral.

### 5.     *The Jurisdictional Basis, If Any, Other Than § 1334*

The only basis of jurisdiction in this case is 28 U.S.C. § 1334. This case does not present diversity nor federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. Because the Court only has jurisdiction over this proceeding as "related to" a bankruptcy matter, the federal basis for jurisdiction is not strong and this factor weighs in favor of remand.

### 6.     *The Degree of Relatedness or Remoteness of Proceeding to Main Bankruptcy Case*

OPINION & ORDER - 7

As previously stated, this Case is "related to" the Bankruptcy Proceeding for § 1334 purposes and neither Defendant in this case is the debtor in the Bankruptcy Proceeding. Plaintiff is listed in Solar Lite Corp.'s bankruptcy petition as only one of the twenty creditors that holds the *largest* unsecured claims against the company. Nov 8, 2016, Davidson Decl. Ex. 5 at 9. Plaintiff's claim is a fraction of the $7.9 million listed in the petition, which is not a complete list of Solar Lite Corp.'s unsecured claims. Davidson Decl. Ex. 5 at 9–10. Since the filing of the petition, the plaintiff from the underlying litigation has also filed a Proof of Claim in the Bankruptcy Proceeding for $12 million. Nov. 28, 2016, Davidson Decl. Ex. 1 at 2. Moreover, neither named Defendant in this case is a party to the Bankruptcy Proceeding. Defendants' argument that it and Lite Solar, Corp. intends on bringing negligence counterclaims against Plaintiff in the State Action and Bankruptcy Proceeding is irrelevant. Plaintiff's Proof of Claim in the Bankruptcy Proceeding and Complaint in this case are separate. This factor weighs in favor of remand.

### 7. *The Substance Rather Than the Form of an Asserted Core Proceeding*

The Court has assumed jurisdiction over this case because it is "related to" the Bankruptcy Proceeding and it is not a "core" matter. The Proof of Claim in the Bankruptcy Proceeding is a "core" bankruptcy matter; once more, however, that action is distinct from the claims alleged in the Complaint here. The Court finds that there is no "core" bankruptcy matter in the State Action and this factor weighs in favor of remand.

### 8. *The Feasibility of Severing State Law Claims from Core Bankruptcy Matters*

This case is brought solely under state law and there is no bankruptcy matter to sever. This factor favors remand because the claims alleged in the Complaint are not intertwined with "core" bankruptcy matters.

### 9. *The Burden on the Bankruptcy Court's Docket*

Plaintiff has submitted its Proof of Claim in the Bankruptcy Proceeding and denying remand would not impose any additional burden on the Bankruptcy Court. This factor weighs against remand.

### 10. *Forum Shopping*

The parties have not alleged that the Bankruptcy Court for the Central District of California is any more or less likely to render judgment in one party's favor than the Multnomah County Circuit Court. Luneke is an Oregon resident while Sanhi is a California resident domiciled in Longbeach which is within the district where the Bankruptcy Proceeding is taking place. The Court finds that this factor is neutral.

### 11. *The Existence of a Right to a Jury Trial*

The parties do not dispute Plaintiff's Seventh Amendment right to a jury trial in this case. Because this matter is not a "core" proceeding, Plaintiff's entitlement to a jury trial heavily weighs in favor of remand. *See Fed. Home Loan Bank of Seattle v. Barclays Capital, Inc.*, No. C10-0139 RSM, 2010 WL 3662345, at *7 (W.D. Wash. Sept. 1, 2010) ("Courts have granted equitable remand solely on the basis of a party's entitlement to a jury trial when that party's action was not a "core proceeding.'") (citation omitted).

### 12. *The Presence of Non-Debtor Parties*

As previously discussed, the named Defendants in this Case are non-debtor parties. This factor also favors remand.

### 13. *Comity*

The Court agrees with Plaintiff that this matter arose out of activities occurring within Oregon and involves state law. The Oregon state court is undoubtedly better suited to adjudicate

disputes arising under its own law and remand is favorable especially where the matter does not implicate a "core" bankruptcy proceeding. *In re Bay Area Material Handling, Inc.*, No. 91-46488 JR, 1995 WL 747954, at *9 (N.D. Cal. Dec. 6, 1995) (holding that comity favors remand where the suit is "not based in federal law and is only tangentially related to a bankruptcy"). Defendants' reliance on a previous opinion from this Court to argue that comity does not favor remand is misplaced. *Sussman Shank, LLP v. Citizens of Humanity, LLC*, No. 3:15-cv-02148-HZ, 2016 U.S. Dist. LEXIS 53255, at *25 (D. Or. Apr. 18, 2016). That case is distinguishable on the grounds that it did not involve a motion to remand and the underlying transaction here was more substantially based in Oregon. *Id.* Comity weighs in favor of remand.

### 14. *Prejudice to Other Parties*

Defendants argue that Lite Solar, Corp. will be prejudiced if this Case is remanded because there will be a significant risk of inconsistent results and inefficient administration of the estate. As previously stated in the discussion of the first factor, the preclusive effect that a judgment in state court may have on the Bankruptcy Proceeding against Lite Solar Corp. as a third party is unclear. This factor is neutral.

In sum, this Case implicates only state law, the transaction giving rise to this case occurred in Oregon, and the matter is not a "core" proceeding. Given that 28 U.S.C. § 1452(b) provides broad authority to remand "on any equitable ground," any one of the factors discussed above may be sufficient to support remand. Accordingly, the Court finds that equity favors remand to state court and it dismisses Defendants' Motion to transfer as moot.

//

//

//

CONCLUSION

Plaintiff's Motion to Remand [18] this Case to Multnomah County Circuit Court is GRANTED. Defendants' Motion to Transfer [22] is moot and therefore DENIED.

Dated this _____ day of _____Feb_____, 2017.

MARCO A. HERNÁNDEZ
United States District Judge